### S. A. LAWHORN v. THE STATE.

No. 11229.    Delivered November 9, 1927.

**Possession of Mash, Etc.—Affidavit for Search Warrant—Insufficient.**

Where appellant's dwelling house and outbuildings were searched under a warrant secured by an affidavit based upon hearsay only and containing nothing showing probable cause for such search, evidence secured by such

search was inadmissible.  Following Chapin v. State, 296 S. W. 1095, and other cases cited.

Appeal from the District Court of Wilbarger County.  Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for possession of mash and a still for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Story, Leak & Story* of Vernon, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of mash and a still for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

A search warrant was issued to search the "dwelling house and outbuildings" of appellant.  This was based upon an affidavit of one Leverett and Walker alleging "that he has good reasons to believe and does believe that Sam Lawhorn is engaged in the unlawful sale of intoxicating liquor, and keeps and possesses for the purpose of sale intoxicating liquors," in and near said dwelling house and outbuildings.

The officers testified over objection of appellant that they searched "the home of the defendant, Sam Lawhorn, and found on said premises a still and two and one-half barrels of mash." This was objected to for many reasons, among which were that the above affidavit does not state as a fact that intoxicating liquors were possessed for sale by defendant, that it was upon information and belief, and the search warrant was based upon an affidavit containing hearsay evidence only, and that nothing was before the justice of the peace from which he could determine if probable cause existed.

The action of the court in the admission of said evidence came within the rule laid down in Chapin v. State, 296 S. W. 1095, and within the provision of Arts. 4a and 727a, C. C. P., and Art. 691 P. C., and was erroneous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.