BOYD COCHRAN v. THE STATE.

No. 9932.    Delivered February 8, 1928.

1.—Possessing Intoxicating Liquor—Affidavit for Search Warrant—When Insufficient Search Unlawful.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the affidavit upon which the search warrant was based did not show probable cause and was based on information and belief and contained no affirmation of any fact that would authorize the issuance of a warrant, same was insufficient.

2.—Same—Evidence—Secured by Unlawful Search—Not Admissible.

Where evidence is secured by a search of appellant's premises through an unlawful search, same is not admissible against him upon his trial under the uniform holdings of this court.  Following Chapin v. State, 296 S. W. 1095; Lawhorn v. State, 299 S. W. 413; Art. 727a, C. C. P., 1925.

Appeal from the District Court of Tom Green County.  Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Upton & Upton* of San Angelo, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

Upon the trial evidence was introduced of a search of appellant's premises by officers operating under a search warrant, which search revealed the presence of intoxicating liquors on said premises.

Objection was timely made to this evidence because the affidavit upon which the search warrant was based did not show probable cause, was based upon information and belief and did not contain the affirmation of any fact that would authorize such issuance.

An inspection of the affidavit exhibited in the bill presenting this point shows that same is deficient in the respects pointed out in said objections.  The admission of the evidence touching the result of such illegal search was error under the uniform

holdings of this court.   Chapin v. State, 296 S. W. 1095; Law-horn v. State, 299 S. W. 413; Art. 727a, C. C. P.   The matter has heretofore been fully discussed and any further analysis of the question would be largely repetition.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.