ROBERT NELSON v. THE STATE.

No. 12093.    Delivered February 27, 1929.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawfully carrying a pistol; penalty, fine of $125.00.

Appellant was arrested by officers in front of his home. He had just been talking to two white women in an automobile, which he was attempting to crank. Appellant was searched after his arrest and a pistol taken from him. This testimony with reference to the pistol given by the searching officers was objected to because in violation of the Constitution and our statute inhibiting the search of any person without first having obtained a search warrant. The bill of exception shows that the officers were not armed with a search warrant nor with a warrant of arrest for appellant and that the pistol

´could not be seen by the officers prior to his arrest. There is no showing that the arresting officers had received information that appellant had a pistol. In fact the record negatives the existence of such. The existence of the facts set out in Art. 487, P. C. (1925), giving the right of arrest without warrant is not shown. Appellant's wife testified that he had just a moment before been examining same after its return home by a borrower and that he had stepped out of the house with it to crank the car for the two white ladies. The bill is qualified by the Court to show that this testimony was admitted because the officers at the time were searching for the appellant to arrest him for vagrancy. The right to arrest carries with it the right of search, but no facts are present in this record which authorized an arrest of appellant without a warrant. Under the facts shown herein the result of the illegal search of the person of appellant was improperly admitted. Art. 727a, C. C. P. (1925). See also Lawhorn v. State, 299 S. W. 413; Chapin v. State, 296 S. W. 1095. The question has been so oftimes discussed that we deem any further statement by us unnecessary.

For the error discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.