JAMES WELLS V. THE STATE.

No. 23978. Delivered April 14, 1948.

*Bond, Crofts & Bond,* of Terrell, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted in the County Court of Kaufman County of unlawfully carrying a pistol and fined $100.00.

The complaint and information alleged that appellant carried on and about his person "a pistol, to-wit: a .38 cal. owlhead revolver."

Two deputy city marshals of the City of Terrell testified that about one or one-thirty at night on June 1, 1947, they saw appellant sitting on a bench in front of a negro dance hall and cafe operated by Pete Lee; that appellant had his head down on his chest and was asleep; they woke him up and upon searching him found in his pocket a loaded ".38 Cal. Harrington & Richardson pistol;" that they smelled liquor on appellant and

that he was intoxicated. On cross-examination the officers testified that they did not arrest appellant for being drunk, nor file a charge against him for drunkenness.

Appellant testified that his home was in the country on Route 6 out of Terrell; that he was working in Dallas; that after he was paid off on Saturday, May 31, in company with James Thomas, who worked at the same place as appellant, he went to a pawn show in Dallas and redeemed a pistol which he had pawned, and was taking it to his home; that he and Thomas went to Terrell in a truck which broke down on the way, and they did not get to Terrell until about nine o'clock that night; that after reaching Terrell he contacted some boys who lived near him in the country, and they promised to pick him up in front of Pete Lee's place and take him home, and that he was waiting for them and fell asleep; that he had not gone into Lee's place, but was only waiting for the boys to come by for him. He denied being intoxicated, and testified that he had drunk no liquor either in Dallas or after reaching Terrell. Appellant was corroborated by James Thomas as to redeeming the pawned pistol, the trip to Terrell, and of appellant waiting for some boys to take him home, and also that appellant was not intoxicated, or drinking.

Bill of exception number one brings forward a complaint that appellant's arrest for carrying a pistol was illegal, and the search of his person was likewise illegal, the officers having no warrant of arrest, and no search warrant. There is no evidence in the record showing that the officers knew appellant had the pistol, nor had they been informed of such fact by anyone. Their testimony as to the result of the search was objected to. The objection should have been sustained. Nelson v. State, 111 Tex. Cr. R. 425, 14 S. W. (2d) 847 and authorities therein cited. Under the provision of Art. 214 C. C. P. cities many pass ordiances authorizing arrest without warrant under certain circumstances. The record is silent as to whether the City of Terrell had adopted any such ordinance. Whether such an ordinance, if in effect, would have authorized the present arrest is not decided, that question not being before us.

Appellant requested the court to instruct the jury that: "* * * it is not unlawful, under the law, for a person to carry a pistol after he has regained possession of it from a pawnbroker to his home." The court properly declined to give this unlimited charge, but did incorporate in his charge an instruction in the same language, adding the words "without unreasonable delay."

We doubt if the prosecuting officer was justified under the facts in making the argument complained of in bill of exception number three, but do not discuss the point as it will not likely arise again.

In view of another trial we call attention to another matter. To charge the offense it was only required to allege that appellant carried on and about his person a pistol, but the State's pleadings unnecessarily added after the word pistol, "to-wit: a 38 cal. owlhead revolver," thereby burdening and binding the State with a useless descriptive designation of the kind of pistol. The officers testified that the pistol found on appellant was a "38 cal. Harrington & Richardson pistol." There is not one word of testimony in the record that this pistol was an "owlhead" pistol, or that an "owlhead" pistol is a Harrington & Richardson pistol. Appellant urged that the evidence does not support the case alleged by the State. Doubtless, in the event of another trial, this question will be obviated.

The judgment is reversed and the cause remanded for the errors pointed out.