## A. J. ALLEN V. STATE.

No. 26,709. January 13, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 3, 1954.

*Taylor and Taylor,* by *Henry Taylor,* Temple, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of marijuana; the punishment, ten years.

It was established that officers of the city of Temple had reason to believe, and did believe, that appellant had marijuana in his possession on January 14, 1953, the night in question.

Officer Douglas testified that he was waiting on the highway near the city of Temple; that appellant passed in his Oldsmobile, and he gave chase; that because of the rate of speed at which appellant was traveling he concluded that he would be unable to overtake him and radioed in to his fellow officers and requested their help; that he did not lose sight of the lights on appellant's automobile until it finally came to a stop within the city; that appellant and his companion were placed under arrest, and he searched the automobile.

Officer Douglas testified that he had been a peace officer for twelve years and had had experience with marijuana and that he found ten or twelve loose particles of marijuana on the front seat. He testified further that he examined the contents of a sack later delivered by Officer Mitchell to the police station and found it to contain marijuana.

Officer Mitchell testified that he received an order to intercept a particular automobile on the night in question; that this automobile passed the point where he was waiting; that when he saw that the automobile would not stop he fired two shots, and when the automobile finally came to a stop he ascertained that his shots had punctured a tire and the gasoline tank. Officer Mitchell testified that, while following this automobile, he had seen a hand throw something out on the driver's side and that after the arrest of appellant he returned to that spot and found a sack containing a substance which he delivered to the police station.

Police Chief McDonald testified that he retained the keys to the Oldsmobile parked behind the police station until Officer Naylor arrived from Austin and opened the same to permit a search thereof by Naylor.

Officer Naylor of the Texas Department of Public Safety testified that he searched an Oldsmobile, found certain particles lodged in the crack of the front seat and delivered them to Mr. Smith at the Texas Department of Public Safety laboratory in Austin. Naylor testified that he had been a peace officer for more than twenty years and had had experience with marijuana and that he examined the contents of a paper sack in the possession of Chief McDonald and expressed his opinion that it contained marijuana.

One Limbs testified that he had ridden from Slaton to Temple with appellant on the night in question and that after the police gave chase he saw the appellant throw what appeared to be a paper bag out of the automobile.

Chemist Smith of the Texas Department of Public Safety testified that on January 15, 1953, he received from Officer Naylor an envelope, the contents of which he examined and found to be marijuana.

When the witness was questioned about a second package which had been in the sheriff's office the appellant objected on the grounds that the chain of custody of this package had not been shown.

In the absence of Deputy Sheriff Gunn, the district attorney testified that he had been with Officer Gunn when Chief McDonald delivered the sack then in the hands of the witness to

Gunn and that together they had brought it back to the sheriff's office.

Deputy Sheriff Turland testified that the sack then in the possession of the witness had come from the sheriff's office.

The witness Smith was then permitted to testify that he had examined its contents under a microscope and concluded it to be marijuana.

Appellant, testifying in his own behalf, stated that he had no marijuana in his possession on the night in question; that he had thrown nothing from his automobile, and that he had not stopped when the officers fired at him because he was frightened.

Appellant in his brief contends that there is a missing link in the chain of custody of the second package in that there is no showing where or by whom it was kept in the sheriff's office. With this we cannot agree. The package was marked for iden-tifiication at the police station, and the package submitted to the witness bore the same identification; and we think the chain of custody thereof was properly established. We observe at this juncture that in all probability a case against the appellant was made by the testimony of Officer Douglas.

Having so concluded, we do not find it necessary to pass upon the one point raised by appellant in his brief, from which we quote as follows:

"While it is true one package containing marijuana was properly admitted in evidence, it is also true that the brown paper sack was improperly admitted in evidence and even though appellant may have been convicted for possession of marijuana on the basis of the small package of marijuana being properly admitted in evidence it is nevertheless true that the admission in evidence of the large paper sack of marijuana caused the jury to enhance the punishment of appellant and assess against him the maximum punishment."

The evidence being sufficient, the judgment of the trial court is affirmed.