MAXIMO YBARRA V. STATE

No. 27,148. November 10, 1954

*E. A. Blair*, Lubbock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the transportation of beer in a dry area with prior convictions for offenses of the same nature alleged to enhance the punishment. Trial was before the court, a jury being waived, and the punishment assessed was 90 days in jail and a fine of $600.00.

Police Officer Sortore testified that he and his fellow officer Ekdahl were driving along a certain street in Lubbock on the night in question when they observed the appellant drive out of a certain alley and cut off the lights of his pickup truck. Sortore stated that as appellant continued driving with his lights off he turned around and gave chase but that, even though he turned on his red light and sounded his siren, the appellant did not come to a halt until he drove up in his front yard. Sortore further stated that while pursuing the appellant they could see his hand raised up several times as if to break something. He stated that when they got to the pickup he observed nine quarts of Falstaff beer sitting on the seat by the side of the appellant and that he then searched the truck and found three necks of broken bottles complete with unremoved cap similar to the nine which he found in the case, and further found that the appellant's clothing and the floorboard of the pickup were soaked with a liquid that smelled like beer.

Sortore testified that he marked the case in which he found the nine quarts of Falstaff beer for identification but did not mark each bottle and that he turned them over to Officer Spear, who locked them in the property room. He testified that the case bearing his identification and containing the nine bottles of Falstaff beer introduced in evidence was the same case he had taken from the appellant and that the bottles were in the same condition as they were when he took them from the appellant.

Officer Ekdahl in a measure corroborated Sortore's testimony.

Texas Liquor Control Supervisor Black testified that the case of beer introduced in evidence was the same beer which had been turned over to him by his predecessor Mr. Hood and was marked with the name of the appellant and the date charged in the information.

Appellant's identity as being the person convicted in the prior cases alleged was established. One of such convictions was for selling beer and wine in a dry area.

Appellant did not testify and did not introduce any evidence in his behalf, and we find the evidence sufficient to support the conviction.

By Bill of Exception No. 1 appellant attacks the admissibility of the officers' testimony about what they found in the pickup

truck. His contention is that, even though the officers saw the appellant commit a violation of the traffic law, they did not have the authority to follow the appellant into his own yard. He relies upon Wells v. State, 152 Texas Cr. Rep. 1, 210 S.W. 2d 154. In the Wells case the officers came upon the accused who was asleep, searched his person and found the pistol which formed the basis of that prosecution. This court said that the officers had not seen the pistol prior to the search nor had they been informed that he was carrying one. We further concluded that the fact that the officers smelled intoxicants on the appellant was not probable cause for the search because the officers did not file on him for being intoxicated. In that case the officers saw nothing but a sleeping man, and we do not think it is controlling in the case at bar.

Recently, in Soileau v. State, 156 Texas Rep. 544, 244 S.W. 2d 224, and Brown v. State, 159 Texas Cr. Rep. 306, 263 S.W. 2d 261, we have upheld the arrest and search of the person of the driver of a motor vehicle where the officers saw a traffic violation occur. But appellant raises the further question that upon his examination of the witness Sortore for the purposes of his bill of exception the officer testified that he did not intend to arrest appellant for driving without lights but only intended to warn him. Clearly, the officers had the right to pursue the appellant into his own yard for a violation of a traffic regulation whether they intended to arrest him or merely to warn him. Once they were alongside the pickup they could see the beer on the seat beside him. This authorized the search of the motor vehicle.

Bill of Exception No. 2 complains of the introduction of the beer because he says that its custody was not traced. He claims that there is a missing link in the chain of custody because Officer Spear was not called as a witness.

Recently, in Allen v. State, 159 Texas Cr. Rep. 463, 264 S.W. 2d 723, we said:

"Appellant in his brief contends that there is a missing link in the chain of custody of the second package in that there is no showing where or by whom it was kept in the Sheriff's office. With this we cannot agree. The package was marked for identification at the police station, and the package submitted to the witness bore the same identification; and we think the chain of custody thereof was properly established."

Finding no reversible error, the judgment of the trial court is affirmed.