Rosario Flores Flores v. State

No. 31,916. April 27, 1960

No attorney for appellant of record on appeal.

*William J. Gillespie*, County Attorney, *E. M. Fulton, Jr.*, Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is carrying on and about his person a switch blade knife, under Article 483, V.A.P.C., as amended; the punishment, 6 months in jail.

Police officers of the city of Lubbock testified that they observed appellant driving an automobile, that two other men were his passengers, that as they began to follow the automobile in question it came to a halt; appellant moved out from under the wheel, and one Alvarado took his place and drove away. They testified, without objection, that they stopped the automobile, were informed that neither appellant or Alvarado had a driver's license, and found under the driver's seat an open switch blade knife. They testified further that from the point where appellant and Alvarado had changed positions Alvarado had made no motion indicating that he was placing anything under the seat and that, when being questioned, the parties said they were looking for a certain person, whose identity was known to them but which they would not disclose to the officers, who had shot a hole in the automobile in which they were riding and which appellant said belonged to his brother-in-law.

Appellant, testifying in his own behalf, stated that he changed places with Alvarado just before his arrest because he

had observed the officers following him and because he did not have a driver's license. He denied that the knife was his or that he knew it was in his brother-in-law's automobile.

Sotello, who was the third person in the automobile and who was seated in the back seat, testified that he had seen the knife in question in Alvarado's possession prior to their getting in the automobile, that when he saw the police he told Alvarado to dispose of the same, and that Alvarado put it under the seat.

It was further shown that the knife was so located that it would be accessible to anyone seated on the front seat.

No bills of exception appear in the record, and no brief has been filed.

We find the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.