JAMES CHESS V. STATE

No. 34,440.    May 2, 1962
Motion for Rehearing Overruled June 6, 1962

*Leland D. Sutton*, Abilene, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is unlawful possession of marijuana; the punishment, 2 years confinement in the penitentiary.

Mack Sterling, a member of the Abilene Police Department assigned to the Narcotics Division, testified that around 8:45

P.M. on March 15, 1961, he and his partner, Jack Ryle, stopped appellant, who was the driver of a 1960 Ford automobile, after he failed to give a turn signal in making a left hand turn; that he identified himself as a police officer and asked to see appellant's driver's license; that he smelled marijuana in the automobile; that a search was conducted and Officer Ryle found a cigarette lying on the front seat; that the cigarette was placed in his custody at the police station and he deposited it in a container, sealed same and mailed the container to Austin.

Officer Jack Ryle testified that he had been employed for over 3 years by the City of Abilene Police Department and was presently serving in the capacity of agent in the Special Services Bureau; that he was familiar with the odor of marijuana; that after appellant's automobile was stopped, he smelled marijuana; that a search was instituted and he found a cigarette on the front seat of the automobile and marked it for identification; that a check of the registration records revealed that the 1960 Ford belonged to appellant; that he turned the cigarette over to Officer Sterling who sealed it in a container and mailed it to Austin. The officer identified State's Exhibit No. 1 as the cigarette he found on the night in question.

Jimmy Trickett of the Abilene Police Department testified that in connection with his duties as a police officer he had become familiar with the smell of marijuana; that he drove appellant's automobile from the scene of arrest to the police station, during which time he detected the odor of marijuana.

Leslie C. Smith, Chemist and Toxicologist for the Department of Public Safety, identified State's Exhibit No. 1 as a cigarette he received in the mail and testified that a microscopic examination of the cigarette disclosed the presence of .27 grams by weight of a narcotic known as marijuana.

Bilily Gene Moore, appellant's companion on the night in question, was called by the State and testified that the cigarette was not in his possession nor had he seen it before it was shown to him at the police station.

Appellant did not testify or offer any evidence in his behalf.

The jury resolved the issue of appellant's guilt against him and we find the evidence sufficient to sustain their verdict.

There are no formal bills of exception in the record nor has a brief been filed in appellant's behalf.

We shall discuss the alleged points of error raised by informal bills of exception.

Appellant objected to the testimony of Officers Ryle and Trickett pertaining to the odor of marijuana being present in the automobile on the ground that neither were experts and could not testify to such matter.

Testimony as to the identity of a smell or odor is admissible. in some instances even though the person testifying is not an expert. 23 Texas Jur. 2d, p. 686-688, sec. 477 and cases cited therein. We hold that such rule of law is controlling in the case at bar. In addition, we think the objections urged go to the weight rather than the admissibility of the testimony.

It is next contended that the search was illegal.' With this contention we do not agree.

The evidence reflects that the arresting officers observed appellant violating Art. 6701d, sec. 68(b), V.A.C.S. of our traffic laws. Under these circumstances, they were authorized to arrest him and, upon smelling the marijuana, authorized to search the automobile. Richardson v. State, 163 Texas Cr. Rep. 585, 294 S.W. 2d 844.

No reversible error appearing, the judgment is affirmed.