Jackie F. ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 38255.

Court of Criminal Appeals of Texas.

May 12, 1965.

Rehearing Denied June 16, 1965.

Norman Kinne (on appeal only), Mike Barclay (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Neil English, James B. Zimmermann and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary; the punishment, ten years.

The Cooper store in Garland was broken into on the June night in question, and a safe set in concrete was removed therefrom. Entrance was gained by means of breaking a hole through the roof. Mr. Cooper identified the safe returned to him by the police as being the one taken from his store.

Officer Husketch of the Garland Police, while on patrol at 3:45 a. m. on the same night, was parked in a well lighted park when he observed an automobile approaching him from the north with its lights off. When it reached a point some two hundred

feet from the police car, it stopped, backed into a driveway, turned around, and started back in the direction from whence it had come. The officer gave chase and brought the automobile to a halt. During his pursuit of the automobile he could observe two people seated therein, but when he brought it to a halt, only the driver was visible. The driver of the automobile got out, came toward the officer and exhibited his driver's license, at which time the officer "asked him who he had with him." Upon objection, the cautious trial judge excluded the driver's answer. The officer approached the automobile, and when he looked into the same, he could see appellant lying on the back seat with a glove on his right hand and a brown satchel with two "prybars" protruding therefrom. On the front seat another man was lying with his head toward the driver's side. He also observed two "walkie-talkie radios". At this juncture, the officer instructed the driver to tell the other men to get out, and he radioed for assistance. Other officers arrived, and a search of the automobile followed. The Cooper safe, two revolvers, a quantity of burglar tools and blasting caps were discovered on the floor board in the rear portion of the automobile where appellant had been lying. The driver of the vehicle in question was given a ticket for driving without lights.

The sole question presented by scholarly brief and in argument is the existence of probable cause authorizing the search of the automobile without a warrant.

We have here a far stronger case than was before this Court in Rochelle v. State, 107 Tex.Cr.R. 79, 294 S.W. 860. In that case the officers approached a white man seated in an automobile with a number of Negroes gathered around it. The automobile was parked in front of a house where a Negro dance was in progress. The officers inquired what "was the excitement", and, as they did so, they saw a carton containing some fruit jars between the seats of the automobile. Judge Hawkins observed that the officers violated no one's constitutional rights when they made their approach, inquiry and observations and that these facts constituted probable cause authorizing the officers without a warrant to examine the contents of the automobile.

In Ybarra v. State, 160 Tex.Cr.R. 487, 272 S.W.2d 374, the officers saw appellant drive without lights and make certain motions with his hands as if to break something. We held that even though the officers admitted that they did not intend to give the accused a ticket for driving without lights and did not do so, the accused's conduct authorized the search of the pickup after it came to rest in his front yard.

Clearly the officer without a warrant was authorized to arrest the driver for violation of Section 109 of Article 6701d Vernon's Ann.Civ.St. After the arrest he saw tools commonly used by those in the burglary business and two men lying on the seats of the automobile below the window level.

In the recent opinion of the Supreme Court of the United States in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, citing Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, stated: "This right to search and seize without a search warrant extends to things under the accused's immediate control * * * and, to an extent depending on the circumstances of the case, to the place where he was arrested." Surely, the driver's "place" of arrest was the automobile he was driving, and the search was lawfully made.

It is appellant's contention that the rules relating to search following lawful arrest do not apply to an arrest for a traffic violation because there are no "fruits of the crime or instrumentalities used in the commission of the crime." We are unable to agree that such contention applies to the case at bar. It was only because appellant's companion violated a traffic law, plus the fact that appellant or his companion attempted to conceal himself from view that

the officer was able to discover the fruits and instrumentalities of a crime which had just been committed.

The court charged on the law of principals and on circumstantial evidence, and the evidence is sufficient to sustain the conviction.

No reversible error appearing, the judgment is affirmed.