Tommy CAFFEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41606.

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Nathan O. Newman II, Abilene, for appellant.

Edward R. Paynter, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On May 20, 1966, appellant entered a plea of guilty to an indictment charging him with felony theft. His punishment was assessed by the court at ten years confinement in the Texas Department of Corrections. The imposition of the sentence, however, was suspended and the defendant was placed on probation subject to certain terms and conditions, including the require-ment that he "commit no offense against the laws of this state or of any other state or of the United States."

On April 19, 1968, the State filed its motion to revoke appellant's probation alleging that on March 26, 1968, he committed the offense of unlawful possession of marihuana.

At the hearing on said motion on May 1, 1968, Richard Keathley, Adult Probation Officer, testified that while appellant was on probation he had occasion to visit appellant's home; that appellant subsequently admitted to him that he swallowed or "ate" some marihuana left at his home by some other individual upon the occasion of the visit by Keathley.

Other State's evidence reveals that officers of the Texas Department of Public Safety and the Abilene Police Department were conducting a surveillance of a location in the southern part of Taylor County on March 26, 1968, where they had information that marihuana might be kept or stored. Larry B. Faulks of the Abilene Police Department was assisting the surveillance from a helicopter. He related that from his vantage point he spotted a red and white Rambler automobile similar to one he had information that the appellant drove; that in the helicopter he followed such automobile for several miles until the automobile stopped and two individuals, later identified as appellant and one John Lewis, got out; that one had a pick and the other a shovel and that they walked approximately 140 yards across a pasture where they appeared to begin digging a hole; that there were no other cars on the road or in that general vicinity; that he took pictures of such action of the two individuals from the helicopter; that as the helicopter prepared to land he observed a plastic bag in the bushes four or five feet from the appellant and his companion; that upon the approach of the helicopter appellant and Lewis began to walk fast across the pasture where they were met and detained by other officers on the

ground who had been in contact with the helicopter by radio; that he examined the substance found in the plastic bag and in his opinion, based upon his experience and his familiarity with the drug, it was marihuana.

Officers Forrest Burleson and Kenneth Decker of the Department of Public Safety testified that in their opinion, based upon their experience and training, that the substance in the bag contained marihuana. Burleson further related that he found in the trunk of appellant's car substance which in his opinion was marihuana.

The contents of the plastic bag and the substance in question were submitted to the chemist of the Department of Public Safety. George Taft, chemist for the Department of Public Safety, testified that he made a microscopic and chemical analysis of the items submitted to him by the officers in question and found them to be marihuana (787 grams).

The appellant did not testify but offered the testimony of two witnesses who related that they were his employers and that he had always been a good worker.

We conclude that the trial court did not abuse its discretion in revoking appellant's probation. The evidence was clearly sufficient to justify such action. The officers had adequate probable cause for the arrest and the search which followed and the court did not err in permitting the opinion testimony of the officers as to the contents of the plastic bag or the substance found in the appellant's automobile. Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631; Hernandez v. State, 137 Tex.Cr.R. 343, 129 S.W.2d 301; Alcala v. State, 163 Tex.Cr.R. 453, 293 S.W.2d 645; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466; Flores v. State, 169 Tex.Cr.R. 413, 334 S.W.2d 306; Chess v. State, 172 Tex.Cr.R. 412, 357 S.W.2d 386; 3 Branch's Anno.P.C., 2nd, Sec. 1423.3.

The judgment is affirmed.