Ray Allen **CORBITT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42142.

Court of Criminal Appeals of Texas.

July 16, 1969.

Rehearing Denied Oct. 22, 1969.

Lawrence Fischman, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, John Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Judge.

On rehearing the State vigorously urges that on original submission the majority erred in holding that the trial court should

have charged the jury on the issue of probable cause in light of the provisions of Article 38.23, Vernon's Ann.C.C.P. We agree.

Our prior opinion is withdrawn and the following is substituted in lieu thereof.

The offense is possession of dangerous drugs; the punishment, a fine of $101.00.

In his first ground appellant urges that fruits of a search incident to a traffic arrest are inadmissible and that the trial court erred in admitting the same. In his second ground of error appellant contends the trial court erred in failing to submit to the jury the issue of probable cause to arrest and search in light of the second paragraph of Article 38.23, V.A.C.C.P.[1]

It is undisputed that Dallas Police Officer Charles Layer arrested appellant for speeding in the City of Dallas at approximately 1:55 a. m. on September 13, 1967. After appellant's automobile was brought to a stop appellant emerged therefrom leaving his companion therein. As he did he made "a stumbling faltering movement." As he approached, Officer Layer observed that his clothes were disarranged, his eyes were bloodshot and there was an odor of alcoholic beverage on his breath. Layer noticed the automobile bore Oklahoma state license plates and the appellant produced a valid Oklahoma driver's license. Appellant stated that he and his companion had just returned from a trip to the Republic of Mexico. At this point the officer concluded the appellant was under the influence of intoxicants and he decided to search the automobile for intoxicating beverages. Fearing for his personal safety Layer first radioed for "a cover squad." After Officer Boyd arrived Layer searched finding an empty

1. Article 38.23, V.A.C.C.P., reads as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

beer can and a bottle of pills in the automobile and another bottle of pills on appellant's person. The bottle of pills was shown by chemical analysis to be barbiturates and amphetamine.

Appellant did not testify or offer any evidence in his behalf.

■ Under the circumstances described clearly there was probable cause as a matter of law for Officer Layer to arrest the appellant without a warrant and to search him incident to that arrest. The legal evidence did not raise an issue which required a jury charge under the provisions of Article 38.23, V.A.C.C.P., and the court did not err in failing to so charge.

We need not rest our decision upon the right of an officer to search an automobile incident to the arrest of the driver for a traffic violation absent special circumstances. See Lane v. State, Tex.Cr.App., 424 S.W.2d 925, cert. den. 392 U.S. 929, 88 S.Ct. 2270, 20 L.Ed.2d 1387; Adair v. State, Tex.Cr.App., 427 S.W.2d 67 (in which this writer dissented). After stopping the two men in question at an early hour of the morning the officer feared for his safety and called a cover squad prior to conducting the search. Certainly one of the purposes of a search incident to an arrest is the discovery of weapons or like material by which the escape of the accused might be effected or which puts the officer in danger. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir.); Grundstrom v. Beto, D.C., 273 F. Supp. 912.

An "officer should be permitted to take every reasonable precaution to safeguard his life in the process of making an arrest." State v. Riley, 240 Or. 521, 402 P.2d 741. This is particularly true if from the totality of the circumstances presented to the officer he has reasonable grounds to believe he is in danger of bodily harm or injury or that the person he encounters is armed or dangerous. Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857.

Only recently in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, the United States Supreme Court said in discussing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917:

> "A similar analysis underlies the 'search incident to arrest' principle, and marks its proper extent. When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule."

■ We hold that the search here was sustainable since it was reasonably limited by the need for the officer's protection and the need to seize weapons and to prevent destruction of evidence. Chimel v. California, supra.

■ Further, while it might be argued that there are no fruits of a traffic offense itself, it is well established in this jurisdiction that when the driver of a motor vehicle who has committed a traffic offense appears to be under the influence of an intoxicant the officer has reasonable grounds for searching the car for liquor or drugs. Richardson v. State, 163 Tex.Cr.R. 585, 294 S.W.2d 844; Tabb v. State, 154 Tex.Cr.R. 613, 229 S.W.2d 628; Thompson v. State, Tex.Cr.App., 398 S.W.2d 942; Anderson v. State, Tex.Cr.App., 391 S.W.2d 54; Ybarra v. State, 160 Tex.Cr.R. 487, 272 S.W.2d 374. "These searches, however, find their justification in the fact that they were incident to an offense for which the officer had probable cause to arrest, i.e.,

driving while under the influence of drugs or driving while intoxicated, offenses for which there exists means or instruments of commission." Grundstrom v. Beto, supra.

As this court said in Taylor v. State, 421 S.W.2d 403, 407,

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. * * Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. * * * This is true even if no specific statement of fact of the second arrest is made * * *" See also Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Wimberly v. State, Tex.Cr. App., 434 S.W.2d 857.

It appearing to Officer Layer that the appellant was under the influence of an intoxicant following his arrest for a traffic offense, the officer had reasonable grounds to search the car and appellant's person. If during the course of a valid search evidence of still another crime is discovered it is clearly admissible into evidence.

The fact that Officer Layer subsequently determined that appellant was not intoxicated enough to charge with driving while intoxicated does not destroy the probable cause for his arrest on that charge and search incident thereto.

More important, even if the legal evidence raised an issue under the provisions of Article 38.23, supra, there is no error for the failure of the court to so charge unless there has been a timely presented objection or special requested charge. Allen v. State, Tex.Cr.App., 419 S.W.2d 852. See Articles 36.14 and 36.15, V.A. C.C.P. A re-examination of the record fails to reveal such an objection or special requested charge on this particular issue. It is true that by a formal bill of exception filed after trial appellant seeks to show that he timely presented to the court a special requested charge on the issue involved in substantially a certain form. A defendant cannot use the office of a formal bill of exception as a substitute for the procedure required by Articles 36.14 and 36.15, supra. See Furth v. State, Tex.Cr. App., 422 S.W.2d 931. Even the approved bill of exception does not reflect that the special requested charge was presented in writing as required by Article 36.15, supra.

Appellant's ground of error #2 is overruled.

It follows from what we have said that fruits of the search in question were admissible. Ground of error #1 is overruled.

The State's motion for rehearing is granted, the order reversing and remanding this cause is set aside and the judgment is affirmed.