Ronaldo, Lucero **GOMEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45310.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Lee A. Chagra, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., David R. Rosado, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, four (4) years.

Appellant's first four grounds of error relate to the admission in evidence of the heroin over his objection that the contraband was unlawfully seized.

Officer Enriquez testified on the issue of probable cause that on the afternoon of the appellant's arrest he received a telephone call from a credible informant who stated that the appellant was, at that time, standing "on Glenwood Street near the mouth of the alley between Beacon and Dailey" streets selling heroin from a brown paper sack. Armed with this infor-

mation, Enriquez secured the assistance of Detective Martinez and after borrowing an automotive wrecker proceeded to the vicinity in question. The appellant and his companion were in the act of urinating in the alley as the officers approached in the wrecker. When appellant observed the truck approaching, he tried to throw a brown paper bag over a six foot cement block wall. His first efforts to rid himself of the sack failed when it struck the wall and fell back. Appellant caught the sack while in the air and again threw it. This time it cleared the wall. Enriquez climbed up to where he could see the bag over the wall in the adjacent patio and with Martinez' help recovered it.

■ This court has held that when the contraband is thrown, dropped or placed away from the person of the accused in a public place, the recovery thereof does not involve a search and the evidence is admissible. See Robinson v. State, Tex.Cr.R., 458 S.W.2d 812; King v. State, Tex.Cr.R., 416 S.W.2d 823; Gamez v. State, Tex.Cr.R., 403 S.W.2d 418; McKenzie v. State Tex.Cr.R., 390 S.W.2d 281; Spriggins v. State, Tex.Cr.R., 372 S.W.2d 676; Allen v. State, 159 Tex.Cr.R. 463, 264 S.W.2d 723.

■ Appellant's next two grounds of error contend that the contraband was inadmissible because the State failed to show a continuing chain of custody.

Martinez testified and identified the brown bag as the one he recovered from the patio where it had landed and had marked with his initials and date and the time of the seizure. Enriquez testified that a "field test" run on the substance seized at the police station indicated it was heroin and that after he made his report he sealed the contraband which had been in his possession continuously since its seizure, in an envelope, gave it a number, and placed it in the locked narcotics cabinet on the 4th floor of the police station.

Officer Murray testified that he took the contraband from the locked narcotics lock-

er at the police station, prepared the necessary forms, and took the same to the mailing clerk for transmittal to the Department of Public Safety at Austin by registered mail. He also stated that he received the return receipt from the laboratory showing that it had been received by them.

Chemist Urbenowski at the Department of Public Safety in Austin testified that he received the package containing the contraband in question, analyzed the same, found it to contain heroin, placed the same in the vault, brought the same with him when he came to El Paso to testify and turned the same over to the prosecutor on the morning of the trial.

We find that the chain of custody has been properly shown. Coleman v. State, 481 S.W.2d 872; Allen v. State, supra.

Appellant's last grounds of error relate to the court's failure to grant his requests for a mistrial. We note that these grounds of error are multifarious in that they do not "set forth separately each ground of error" under Article 40.09, Section 9, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.