Charles Vernon PARKER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 57037.

Court of Criminal Appeals of Texas.
Panel No. 3.

Feb. 7, 1979.

Jack Hill, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb and Mary K. Ludwick, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of less than two ounces of marihuana. Art. 4476–15, Sec. 4.05(b)(3). The court assessed punishment at one day and a fine of $250.

In a single ground of error, appellant contends that the trial court erred in refusing to grant his motion to suppress.

W. L. Carmack, a Dallas police officer, testified that on May 24, 1976, at approximately 1:45 a. m., he answered a disturbance call at a "strip place" called the Painted Duck on Gaston Avenue in Dallas. As Carmack pulled into the driveway of the Painted Duck, he "noticed a vehicle attempting to leave at a pretty good rate of speed." When asked whether he stopped the vehicle, he stated, "Yes, the vehicle almost ran into us. . . ." The driver, who was identified as the appellant, and a companion were removed from the car. The appellant was, in the officer's opinion, intoxicated, and he was arrested for public intoxication. The officer testified that the arrest was for public intoxication rather than DWI because the car was stopped before it reached the public street.

Officer Carmack went inside the Painted Duck to answer the disturbance call while another officer who had arrived at the scene, J. N. Stacey, stayed with the appellant and his companion. After returning from the Painted Duck, Carmack searched the interior of the appellant's automobile and discovered two baggies of what was later identified as marihuana, one under the driver's seat and another in the console between the two front seats. It appears at the time the search was conducted the appellant and his companion were seated in the backseat of one of the patrol cars at the scene.

In his brief, the appellant argues that the officers had no probable cause to search appellant's automobile. It is clear

from Carmack's testimony that the appellant's automobile was leaving the parking lot "at a pretty good rate of speed" and it "almost ran into" the patrol car. This was sufficient probable cause to authorize the initial stop of appellant's vehicle. When the vehicle was stopped, the officer was in a position where he could properly observe appellant's intoxication. He was then arrested for the offense of public intoxication.

In *Duncantell v. State*, 563 S.W.2d 252 (Tex.Cr.App.1978), cert. denied, —— U.S. ——, 99 S.Ct. 637, 58 L.Ed.2d —— (1978), this Court was confronted with a case involving the discovery of marihuana after a stop for speeding. Citing *Taylor v. State*, 421 S.W.2d 403 (Tex.Cr.App.1967), the Court stated:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of the vehicle, an officer sees evidence of a criminal violation in open view, or *in some other manner acquires probable cause on a more serious charge* he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence." [Emphasis in the original.]

This Court in *Duncantell v. State, supra,* also observed:

"It is common knowledge that usage of marihuana, or of a combination of marihuana and alcohol, often results in a form of intoxication."

In *Law v. State*, 574 S.W.2d 82 (Tex.Cr. App.1978), the defendant challenged the search of his automobile after his arrest for carrying a handgun. Like the appellant in the instant case, Law had been asked to step out of his car and "was being escorted by the other officer on duty toward the rear of the car . . ." while a search was conducted of the interior of his automobile which disclosed a gun under the front seat. This Court stated:

"Further, if there is probable cause that a motor vehicle contains contraband or the

instrumentalities of a crime as there was here, a valid search is not limited to *Chimel's, supra* [*Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)], 'area of immediate control' scope, but embraces the mobile vehicle itself, regardless of the distance of the accused from the vehicle. The factual situation confronting the officers in the instant case established that exigent circumstances existed requiring the officers to proceed to arrest appellant and search the car for weapons without waiting for a warrant. *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *Brinegar v. U. S.*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Hooper v. State*, Tex.Cr.App., 516 S.W.2d 941; *Borner v. State*, Tex.Cr. App., 521 S.W.2d 852."

In *Corbitt v. State*, 445 S.W.2d 184 (Tex. Cr.App.1969), this Court stated:

". . . it is well established in this jurisdiction that when the driver of a motor vehicle who has committed a traffic offense appears to be under the influence of an intoxicant the officer has reasonable grounds for searching the car for liquor or drugs. *Richardson v. State*, 163 Tex.Cr.R. 585, 294 S.W.2d 844; *Tabb v. State*, 154 Tex.Cr.R. 613, 229 S.W.2d 628; *Thompson v. State*, Tex.Cr.R., 398 S.W.2d 942; *Anderson v. State*, Tex.Cr.App., 391 S.W.2d 54; *Ybarra v. State*, 160 Tex. Cr.R. 487, 272 S.W.2d 374. These searches, however, find their justification in the fact that they were incident to an offense for which the officer had probable cause to arrest, i. e., driving while under the influence of drugs or driving while intoxicated, offenses for which there exists means or instruments of commission.' *Grundstrom v. Beto, supra* [D.C., 273 F.Supp. 912]."

In the instant case, it is clear that the initial stop of the appellant was valid. Once the appellant was stopped, the officer observed that he was intoxicated and placed him under arrest for that offense. See *Duncantell v. State, supra.* Once having placed the appellant under arrest for public intoxication, the arresting officer had prob-

able cause to search the vehicle for intoxicants. *Duncantell v. State, supra; Corbitt v. State, supra.* The trial court did not err in overruling appellant's motion to suppress.

The judgment is affirmed.