**Noe Benavides GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–293–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 28, 1985.

Armando Barrera, Alice, for appellant.

C.F. Moore, Jr., Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was indicted for the offense of unlawful possession of marijuana; more than four ounces, but less than five pounds. Appellant waived his right to trial by jury, and a stipulation of evidence was filed. The court found appellant guilty, and assessed a sentence of eight years' confinement in the Texas Department of Corrections and a fine of $3,000.00. We affirm.

In a single ground of error, appellant alleges that the court erred in overruling his motion to suppress because the marijuana discovered was the product of a search that followed an unlawful stop. A careful reading of the appellant's brief and presented argument and authorities reflects that the alleged error is based on the initial stop of the appellant as being unconstitutional and that the subsequent arrest and search pursuant to such alleged original stop or detention are tainted as the fruit of such illegal stop.

Trooper Rico, a Texas Department of Public Safety Trooper, testified at the suppression hearing that his attention was originally directed toward appellant because he observed him speeding. Trooper Rico candidly admitted that he was unable to secure a radar reading on appellant, and that he was also unable to pace appellant. He stated that under these circumstances he would only issue, at the most, a warning. Nevertheless, his testimony that the appellant's vehicle was travelling at an excessive rate of speed higher than the speed limit was uncontroverted.

Nevertheless, the officer fell in behind appellant and followed him into George West. When appellant stopped at a traffic light, the officer pulled alongside appellant. The officer testified that he was able to observe appellant, and that he appeared intoxicated. He described appellant as in a stupor, or dazed, and slumped over and hugging the steering wheel.

When the light changed, appellant turned. The officer went through the intersection, and then turned around to continue following appellant. Appellant pulled over to the side of the road; the officer turned on his emergency lights and stopped behind appellant.

Officer Rico testified that he stopped appellant originally because he suspected appellant may have been driving while intoxicated and in addition, Rico testified that he advised appellant of another reason, that being appellant's speeding. He testified, "We did know that he was speeding." Upon being stopped, appellant produced a valid driver's license and proof of liability insurance. Trooper Rico also testified that he smelled the odor of alcohol on appellant's breath, and Patrolman Robert Rhynsburger, Rico's partner, testified that he observed a can of beer in appellant's car and communicated the information to his partner by hand signal. Rico was not satisfied with the results of the field sobriety tests he administered. Trooper Rico testified that appellant was unsteady during the balance test and "messed up" the al-

phabet test. Trooper Rico concluded appellant was intoxicated.

We hold that the initial stop was legal on two grounds.

■ First, Officer Rico had the right to stop the appellant because appellant was speeding and thus could be stopped for a violation of the traffic safety laws of the State of Texas. *Borner v. State*, 521 S.W.2d 853 (Tex.Crim.App.1975); *Tores v. State*, 518 S.W.2d 378 (Tex.Crim.App.1975); *Corbitt v. State* 445 S.W.2d 184 (Tex.Crim. App.1969); *Staton v. State*, 172 Tex.Cr.R. 128, 354 S.W.2d 582 (Tex.Crim.App.1962). Upon such proper stop, Officer Rico's previous observation before the stop, appellant being unsteady on his feet, the smell of alcohol, the open beer in the car in which appellant was the only occupant and appellant's failure to pass the field sobriety test gave rise to sufficient probable cause to arrest appellant without warrant for the offense of driving while intoxicated. It is uncontroverted that appellant was speeding so that even if Officer Rico initially stopped the appellant for speeding with the intent of giving him a warning, rather than with the intent of issuing a traffic citation, the violation of the traffic law gave Rico the right to initially stop the appellant.

■ Second, we hold also that the conclusion that the appellant appeared intoxicated based upon Officer Rico's articulated and specific testimony that appellant was speeding, stooped over the wheel, hugging the steering wheel and appeared in a stupor was sufficient to authorize the officer to make an initial stop and investigation. *Thompson v. State*, 533 S.W.2d 825, 826 (Tex.Crim.App.1976). The observations by the officer after the initial stop gave rise to a valid warrantless arrest for driving while intoxicated. Appellant cites *Luera v. State*, 561 S.W.2d 497 (Tex.Crim.App.1978). We note, as did the Texas Court of Criminal Appeals, that the arresting officer therein was a U.S. Immigration Officer (Border Patrolman), not a peace officer under TEX.CODE CRIM.PROC.ANN. art. 2.12 (V.A.C.C.P.) and not authorized to stop a motorist for a traffic violation. The law-

ful arrest authorized Officer Rico to transport the appellant to the sheriff's office in Live Oak County for a breath test.

Trooper Rico testified that he gave appellant a choice whether to have his car towed in by a wrecker or have it driven by Officer Rhynsburger to the place where the breath test would be administered. Appellant elected the latter. During this drive, Officer Rhynsburger observed a green leafy substance on the floorboard and on the seats of appellant's vehicle, and he so informed his partner.

Officer Rhynsburger testified that because of his training and experience, he knew the green leafy substance was marijuana. In that Rhynsburger was operating appellant's vehicle with appellant's permission, he was entitled to be where he was, and the marijuana that he discovered in plain view constituted sufficient probable cause to investigate whether appellant was guilty of an additional offense. *See Corbitt*, 445 S.W.2d at 187.

Trooper Rico and Patrolman Rhynsburger conferred with Sheriff Larry Busby, who also testified at the suppression hearing, and it was decided that because of the lateness of the hour it would be inconvenient to wake up a judge in order to secure a search warrant. They requested appellant's permission to search his vehicle, and appellant consented. That consent was reduced to writing and is a part of the record before us. The search yielded forty-eight · pounds of marijuana.

We note that the results of appellant's breath test resulted in a 0.00 reading. The result was obtained after Rhynsburger had discovered the marijuana in plain view. In *Corbitt v. State*, 445 S.W.2d 185 (Tex.Crim. App.1969), the court wrote, "The fact that Officer Layer subsequently determined that appellant was not intoxicated enough to charge with driving while intoxicated does not destroy the probable cause for his arrest on that charge and search incident thereto." *Id.* at 187.

■ We overrule appellant's ground of error alleging his original arrest was il-

legal. In that there is no ground of error complaining that appellant's consent to search his vehicle was involuntary, the fruits of that search were admissible. The trial court committed no error in refusing to suppress the fruits of that search.

The judgment of the trial court is AFFIRMED.