## JAKE WHITEFIELD V. THE STATE.

No. 17068.   Delivered December 19, 1934.
Reported in 77 S. W. (2d) 229.

The opinion states the case.

*Sone & Cornelius,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of $50, and

his punisment assessed at confinement in the State penitentiary for a term of 6 years.

The testimony adduced upon the trial shows that on the night of November 18, 1933, an automobile was stolen from Roy Snodgrass while parked in the driveway of his home in the town of Floydada. The car was a maroon colored Chevrolet coach. The engine number of said car was 3,785,306. Some time prior to the time that the car was stolen, the front end of the frame of said car was bent. Mr. Snodgrass, the owner, had it straightened and a piece of iron welded inside of the frame. This car was on the first day of December, 1933, found in the possession of appellant at the town of Aspermont. An examination of the car disclosed the fact that it bore the welded piece of iron on the inside of the front end of the frame, but the engine number had been changed to 3,885,308. At the time the appellant was found in possession of said car, he first asserted ownership of same but later claimed that he had borrowed the car. The car after being stolen was taken to Tahoka in Lynn County and registered with the Tax Collector of said county. The appellant testified in his own behalf that Andrew Nelson offered to sell the car to him and that he turned it over to him (appellant) at Abilene about the 28th day of November in order that he might try it out. He admitted, however, that he was at Roy Snodgrass' garage on the 18th day of November, 1933, but left there soon after the noon hour en route to the town of Sweetwater where he claimed he arrived at the home of E. K. SoRelle, Sr., at 9:45 P. M. In this he was supported by the testimony of E. K. SoRelle, Sr., E. K. SoRelle, Jr., and W. A. SoRelle. He also denied that he registered the car with the Tax Collector at Tahoka. Andrew Nelson testified for the appellant that he and one Satterwhite stole the car; that he later offered to sell it to the appellant and that he let the appellant use it for a few days to try it out; that he, Nelson, registered the car at Tahoka under the name of Daniels and paid something like $10 for the license. The Tax Collector of Lynn County testified that Nelson did not register the car at Tahoka but that appellant resembled the man who did.

By bills of exception 1, 2, and 3 the appellant complains of the action of the trial court in permitting the arresting officers to testify as to what tools, casings, and license plates, etc., they found in the car. He objected to said testimony on the ground that more than two weeks had elapsed from the time the car was stolen until the equipment was found in it. We do not think the objection is well taken for the reason that the objec-

tion went to the weight of the evidence and not to its admissibility.

By bill of exception No. 4 the appellant complains of the closing argument of the district attorney in which he used the following language: "That defense testimony was perjury," to which appellant objected because the same was inflammatory and prejudicial to the appellant's rights. It is a well established rule of law in this State that counsel has a right in his argument to the jury to discuss the testimony and to draw reasonable deductions therefrom. Nelson, who testified for the appellant, stated that he stole the car, that he had it registered at Tahoka and that he paid the Tax Collector a license fee of $10. The Tax Collector testified for the State that Nelson did not register the car at his office and the license fee was not $10 but $1.74; that the appellant resembled the man who came into the office and registered the car. The opinion is expressed that the argument of the district attorney was a reasonable deduction from the testimony.

By bill of exception No. 5 the appellant complains of the action of the trial court in overruling his motion for new trial based on newly discovered evidence in that he had discovered since the trial that one Sonny Boy Lamb would testify that he is the man who registered the car at Tahoka, and attached to his motion the affidavit of Lamb who stated therein that he registered the car at Tahoka and obtained the license from the Tax Collector. We do not see how such contradictory testimony on behalf of the appellant would have inured to his benefit. Besides the bill of exception fails to show that appellant exercised proper diligence in an endeavor to discover the testimony. Therefore, the court did not err in overruling the appellant's motion for new trial.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.