## Morris Sheppard Tabb v. State.

No. 24719. April 19, 1950.
Rehearing Denied May 17, 1950.

*Thomas L. Blanton,* Albany, for appellant.

*Joe E. Gracey,* County Attorney, Breckenridge, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of fifty dollars for driving a motor vehicle on a public highway while intoxicated.

This record comes to the court with two hundred and sixty-four pages in the transcript. In addition thereto, a number of instruments have been tendered for original filing in this court. All pleading is made in the trial court and none may be filed in the court of criminal appeals. The statement of facts consists of one hundred and ten pages and appellant's brief contains ninety-two printed pages. There are fifty-one bills of exception in the record, which we have examined very carefully and it is our conclusion that neither bill presents a question of law requiring any discussion by this court, under the charge for which appellant was convicted.

The pertinent facts of the case produced by the state show that appellant was intoxicated, driving on a highway about three and a half miles east of Breckenridge where he was arrested and taken to the county jail and incarcerated for the night. Two officers made the arrest. One took appellant in the officers' car while the other drove appellant's car into town. The officer in charge of appellant's car after the arrest saw a bottle in it containing some whisky. He took charge of this and brought it to court to be used as a circumstance corroborating the state's evidence that he was intoxicated.

Appellant's testimony pertinent to the issues in the case consists of a denial that he was intoxicated. All other issues raised and attempted to be raised have no place whatsoever in the record. We see no purpose for them in the record and certainly no reason why we should discuss them. The effort in the trial of the case to show the general practices of the officers in the county in making arrests on highways for offenses of this nature, their success or failure in securing prosecutions in other cases, the instructions which they receive from the department of public safety, and the general system of that department in law enforcement, comprise chiefly the matter which appellant sought vainly to inject into this case and furnish the basis for many bills of exception.

Appellant's complaint of the treatment received by him from the clerk of the trial court does not present a matter of which this court has jurisdiction. While it appears that the clerk wrongfully required him to pay for his transcript, that is a matter of private interest which has nothing to do with the issue this court can pass upon.

The evidence is conflicting as to whether or not appellant was intoxicated, and that was the only pertinent issue in the case. The evidence presented by the state was admissible and

we find nothing excluded by the court which appellant was entitled to have. It was the province of the jury to pass upon fact issues.

We find no reversible error and the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant complains of the disposition made of his bills of exception, and seems to consider that we should discuss each of them. To do so would avail nothing, and would unduly lengthen this opinion.

Over the objection of appellant, an almost empty whiskey bottle found in his car by the patrolman was admitted in evidence, together with the officer's testimony as to its finding.

One bill of exception reveals that appellant's objection was directed to the time and place the car was searched, and not the search itself as shown by the following statement of counsel for appellant in connection with his objection "We don't object to anything he found then and there when he was arrested, but anything found later in car we object to it."

The car was in the control and possession of the officers between the arrest and the finding of the bottle therein, and the right to search the car remained the same.

It was improper for the county attorney to ask the sheriff how many times he had arrested a man named Mule Stover and to ask the witness Stover if he didn't spend six months in jail for hot check violation (referring to an incident in 1926).

But the court promptly sustained appellant's objection and instructed the jury not to consider the same.

Remarks of the county attorney in his argument likewise are of questionable propriety, such as the reference to Stover's testimony as "a trumped up story they have hatched up to mislead you."

However, the court promptly instructed the jury to disregard such objectionable argument.

The jury determined the issue as to appellant's condition of sobriety against appellant's contention, but assessed the minimum punishment and it appears that they desired to assess even less.

We are unable to agree that the jury was influenced by the questions or arguments so withdrawn, or that the court should have declared a mistrial because of such matters.

The appeal having been properly disposed of, appellant's motion for rehearing is overruled.

Opinion approved by the court.