WILBUR LEE DEAN V. STATE.

No. 25126. January 31, 1951.
Rehearing Denied March 21, 1951.

*Burks & McNeil*, by *Burton S. Burks*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of fifty dollars.

Two highway patrolmen, while cruising, noticed appellant's panel truck weaving on the highway. They had some difficulty in bringing appellant to a halt. They testified as to their experience in dealing with people under the influence of intoxicants, and that appellant was in such condition. They stated that appellant had a strong odor of alcohol about him, and one of them found a half full bottle of whiskey on the seat of his truck.

Appellant, while testifying, denied that he had had anything to drink on the occasion of his arrest and explained that the erratic appearance of his driving resulted from the roughness of the road.

Appellant in an able brief discussed his two bills of exception together. They both complain of that part of the information wherein it recites that the same is predicated "on the written affidavit of Frank Mitchell, a competent and creditable person."

Appellant urges that such a statement is not essential for a valid information, amounts to a certification that the named affiant is worthy of belief and represents an effort on the part of the state to "bolster" its case.

A similar contention was held to be without merit by this court in Grady Ashley v. State, No. 25,085, decided January 3, 1951, (page 534 of this volume).

This being the only question presented, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The question presented in appellant's motion for rehearing is identical with that first discussed in our opinion on rehearing in Ashley v. State, No. 25,085, (page 534 of this volume), wherein we overruled appellant's contention. Further discussion would not be helpful.

The motion for rehearing is therefore overruled.

Opinion approved by the court.