## R. A. SCOTT V. STATE

No. 32,128. October 5, 1960

Motion for Rehearing Overruled November 23, 1960

Second Motion for Rehearing Overruled December 27, 1960

*Allen Harp,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a transportation-of-whisky conviction, with punishment assessed at a fine of $250 and six months in jail.

A highway patrolman accosted appellant while driving an automobile and requested permission to search the trunk of the car. Appellant consented to the search, but explained that the car was not his, that it did not belong to him.

A search of the trunk of the car revealed a large quantity of wine and whisky.

A passenger was in the car with appellant at the time. Both of them were taken to jail. At that time the passenger confided to the officer that the liquor belonged to him and that, at first, he had been driving the car.

The foregoing is taken from the testimony of the patrolman.

The testimony of the witness Gonzales, given in behalf of the appellant, was to the effect that he (Gonzales) was in charge of the car; that he had purchased the liquor in Amarillo; that appellant only became connected with the driving of the car when he, Gonzales, asked him to assist in starting the motor after the car "went dead" on the street; that appellant was behind the wheel when the car was finally started; and that he (appellant) was driving it when the patrolman made the request to search the trunk of the car.

Gonzales fully exonerated appellant, as having no connection with or knowledge of the liquor found in the car.

Appellant did not testify.

No exceptions or objections were taken to the manner in which the case was submitted to the jury, and no complaint is here made as to the charge.

By motion for new trial appellant claimed jury misconduct during deliberations in that the jury received new and other evidence.

We have examined the statement of facts heard upon the motion for new trial and, without discussing the evidence at length, the view is expressed that the evidence was not sufficient to warrant this court in overruling the trial court's conclusion that the misconduct did not occur as alleged, an issue of fact having been raised relative thereto.

The same conclusion is applicable to the contention that state's counsel was guilty of inflammatory and unwarranted argument to the jury.

Believing the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

### ON MOTION FOR REHEARING

DICE, Judge.

Appellant re-urges his contentions that the trial court erred in overruling his motion for new trial based upon jury misconduct and that reversible error was committed by state's counsel in his argument to the jury.

The claim of error in the court's overruling the motion for new trial is not properly before us for review. There are no formal bills of exception. Appellant's motion for new trial on the ground of jury misconduct and the court's order thereon overruling the same is insufficient to constitute an informal bill of exception under Article 760e, V.A.C.C.P., because the order does not show an exception by appellant to the court's ruling. See No. 32,007, styled Francisco Castaneda, Appellant, vs. The State of Texas, Appellee, opinion delivered November 9, 1960, (Page 323 this volume) 340 S.W. 2d 489 and cases therein cited.

We have again considered the argument of state's counsel of which appellant complains and find no reversible error therein. In his opening argument to the jury, counsel stated, "if you believe the slight, flimsy defense that he puts that poor Gonzales up there and had him perjure himself to build himself up a defense there." Appellant's objection that such statement was without foundation in the evidence and was inflammatory was by the court overruled. The evidence was undisputed that appellant was the driver of the automobile in which the liquor was being transported. The witness Gonzales was riding in the car as a passenger at the time. The testimony reflects that after his arrest appellant told Gonzales to tell the officers the whiskey belonged to him, which he did, but later, while being brought to jail, Gonzales told the officers that it was not his liquor and that he was not "going to claim it." At the trial, Gonzales testified that the liquor was his. Under such evidence, the argument of state's counsel was a reasonable deduction therefrom and does not present error. Bates v. State, 50 Tex. Cr. R. 568, 271 S. W. 389, and Whitefield v. State, 127 Tex. Cr. R. 460, 77 S. W. 2d 229.

Counsel's other statement to the jury that if the jury wanted appellant to transport whiskey in the county, "I can put on boots that come up to here, and I can stand it just the same as you can but I know, I feel, I am certain that you are not going to let a thing like that go on," was a plea for law enforcement and does not present error.

The motion is overruled.

Opinion approved by the Court.