Antonio **MARTINEZ DIAZ,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–86–170–CR.

Court of Appeals of Texas, Austin.

May 13, 1987.

Discretionary Review Refused July 22, 1987.

Juan Martinez Gonzales, Beeville, for appellant.

Bill M. Reimer, Co. Atty., New Braunfels, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

A jury found appellant guilty of the misdemeanor offense of driving while intoxicated and assessed his punishment at incarceration for 180 days and a fine of $1,500. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(A), (b), (c) (Supp.1987). We will affirm the judgment of conviction.

In point of error one, appellant maintains he was denied his constitutional and statutory rights to a speedy trial. The relevant background to this point of error is as follows: Appellant was arrested on February 20, 1986, the date of the offense, and was tried 137 days later, on July 7, 1986. He first raised the speedy trial claim in a written motion on the day of trial, and a hearing on that motion was held immediately before trial. At that hearing, the prosecutor stated, "We have been ready to proceed, and we could have gone to trial in this matter at any time since we filed the case [on April 7, 1986]." The prosecutor also stated that the delay was due solely to "the crowded court docket." Under questioning by defense counsel, the prosecutor conceded that up to that point in time he had not interviewed the State's key witnesses, the two arresting police officers, explaining that he had no reason to do so because he had "examined the police offense reports and found them to be totally adequate to go forward to trial with." The prosecutor also admitted that, prior to June 3, 1986 (103 days after appellant's arrest), he had not subpoenaed his witnesses, prepared his direct examination questions, or prepared his jury argument. Appellant himself presented no argument or evidence suggesting any prejudice had come to him because of the four-and-a-half-month delay between his arrest and trial. At the conclusion of the hearing, the trial court overruled appellant's speedy trial motion.

We turn first to appellant's argument as it relates to his statutory right to a speedy trial. Under Tex.Code Cr.P.Ann. art. 32A.02 §§ 1(2) and 2 (Supp.1987), the prosecution was required to be ready for trial within 90 days of appellant's arrest. When the prosecutor declared at the pretrial hearing that he was then ready and

had been ready at the times required by the statute, a presumption arose that the prosecution was in compliance with the statute. The burden then shifted to the defense to rebut that presumption. *Philen v. State,* 683 S.W.2d 440 (Tex.Cr.App.1984); *see* M. Youngblood, *The Texas Speedy Trial Act: A Technical Point of View,* 48 Tex.B.J. 462 (1985). The prosecutor's statement that he did not conduct personal witness interviews within 90 days of appellant's arrest did not rebut the presumption of compliance. *Waldo v. State,* 705 S.W.2d 381 (Tex.App.1986, pet. granted); *Brown v. State,* 667 S.W.2d 630 (Tex.App.1984), aff'd, 692 S.W.2d 497 (Tex.Cr.App.1985). Nor did his admission that he did not subpoena his witnesses within the 90-day period. *Philen v. State, supra.* Nor, we hold today, did his admission that he did not prepare his direct-examination questions or jury argument within the 90-day period, since a reasonably able prosecutor can easily prepare such things once a trial date has been set.

■ We turn next to appellant's argument that he was denied his constitutional right to a speedy trial. A speedy trial is, of course, guaranteed by our state and federal constitutions. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Hull v. State,* 699 S.W.2d 220 (Tex.Cr.App.1985); *see* M. Youngblood, *In Addition to the Texas Speedy Trial Act: The Constitutional Guarantee,* 49 Tex.B.J. 1216 (1986). In determining whether an accused has been denied this right, a court must consider the unique facts of each case, with particular focus on four factors: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the right; and (4) prejudice to the accused resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Hull v. State, supra.*

■ No specific length of delay automatically constitutes a violation of the right to a speedy trial. The delay is measured from the time the defendant is arrested or formally accused. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Hull v. State, supra.* Here, appellant was arrested February 20, 1986, and was tried July 7, 1986, four and a half months later.

■ In *Barker v. Wingo, supra,* the court held:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

407 U.S. at 530, 92 S.Ct. at 2192. Our research reveals that the courts of this and other states have held that delays of the length experienced by appellant are not presumptively prejudicial. *See Pete v. State,* 501 S.W.2d 683 (Tex.Cr.App.1973); *Adams v. State,* 434 S.W.2d 866 (Tex.Cr. App.1968); LaFave & Israel, *Criminal Procedure* § 18.2(b) (1984). Even were we to consider the other factors enunciated in *Barker v. Wingo, supra,* we would be forced to conclude that, on the facts and arguments before us, those factors weigh against appellant. Point of error one is overruled.

In points of error two, three, and four, appellant complains of comments (emphasized in the passage below) and actions made by the prosecutor during his concluding argument at the guilt/innocence stage. The record reflects that during his own summation, defense counsel used posters with handwritten notes to emphasize testimony, given by two of appellant's friends, that was highly favorable to appellant. When defense counsel concluded his argument, the posters were left on display. The prosecutor then began his final argument:

PROSECUTOR: *Ladies and gentlemen, what you see here* [referring to the posters] *is absolutely meaningless because what you have here is two friends testifying —*

[At approximately this point, the prosecutor threw or dropped the posters on the floor beside his table.]

DEFENSE COUNSEL: I'm going to object to that. He's accusing me of perjury or subornation of perjury by throwing

those exhibits on the floor and saying that it's not true and I would ask permission for a mistrial at this time.

THE COURT: Mr. Abbott [the bailiff], will you take defense counsel's [posters] and place them back on the seat of the first row bench?

[At this point the bailiff complied with the Court's request.]

THE COURT: Mr. Reimer [the prosecutor], I will instruct you that that gesture constitutes a side-bar remark directed to counsel. Don't repeat it. Do you understand me?

PROSECUTOR: Certainly, Your Honor.

THE COURT: Defense motion for mistrial will be denied. The jury is instructed to disregard that little exchange.

.    .    .    .    .

PROSECUTOR: ... Common sense, ladies and gentlemen. *You have a right to use common sense and, when you hear a cock and bull story [referring to defense testimony], ladies and gentlemen, you have a right to disregard it.*

DEFENSE COUNSEL: Again, Your Honor, I would object.

PROSECUTOR: And I think you have a right to assume—

THE COURT: Mr. Reimer.

MR. REIMER: —that anybody in here is credible or not credible based upon your observations of their testimony. And ladies and gentlemen, you know where the credibility in this case lies. It lies with Officer Stevens [an arresting officer]. You can find from the testimony that it lies with Officer Gremmer [another arresting officer], and you can find from looking at that videotape sobriety test that it lies there.

THE COURT: Mr. Reimer, your time has expired.

PROSECUTOR: *Somebody should go to jail on this.*

THE COURT: The jury is instructed that Mr. Reimer's reference to a cock and bull story is to be absolutely disregarded as an unnecessary side-bar remark. I will remind the jury that you will determine the credibility of the witness and it is completely within your determination of the facts proven. Mr. Gonzales [defense counsel], your request for a mistrial is overruled.

DEFENSE COUNSEL: Your Honor, I have just one more request. Mr. Reimer mentioned the word "jail" and we're not at the punishment stage and I would ask the Court to instruct the jury to disregard that phrase.

PROSECUTOR: Your Honor, certainly you can't send somebody to jail unless you first find them guilty.

THE COURT: I have instructed the jury and you will recall when you begin your deliberations, in the matter now before the Court you are instructed to consider only the issue as to the guilt or the innocence of the defendant in the offense charged. You are absolutely instructed that you are not to consider any matter relating to punishment. Your attention is expressly limited to a question of guilt or innocence of the defendant. Does the jury understand that instruction?

■■■ Approved general areas of jury argument, within which all proper arguments must fall, are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980). Even if the prosecutor's jury argument is improper, an instruction by the trial judge to the jury to disregard the improper argument is usually sufficient to cure the error. *Logan v. State*, 698 S.W.2d 680 (Tex.Cr.App.1985). Reversible error occurs only when a statement to a jury is so inflammatory that its prejudicial effect cannot be cured by an instruction to disregard. *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977). In order to fall within this requirement, the argument must be extreme, manifestly improper, inject new and harmful facts into the case, or violate a mandatory statutory provision. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978). Whether an argument is harmful enough to warrant reversal is ultimately determined on the basis of the argument's probable effect on the minds of average jurors. *Logan v. State, supra.*

Assuming them to be improper, we do not find the prosecutor's "cock and bull" remark, nor his actions and comments regarding defense counsel's posters, to be so prejudicial as to be incurable by an instruction to disregard. *See Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978); *Tabb v. State*, 154 Tex.Cr.R. 613, 229 S.W.2d 628 (1950). As for his comment that "[s]omebody should go to jail on this," defense counsel received that for which he asked, an instruction to disregard; therefore, nothing is presented for our review. *Adams v. State*, 685 S.W.2d 661 (Tex.Cr. App.1985). Point of error two is overruled, and the judgment of conviction is affirmed.

Affirmed.