MOSLEY 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00280-CR







Reginald Lester Mosley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0946442, HONORABLE MIKE LYNCH, JUDGE PRESIDING








 Appellant Reginald Lester Mosley was convicted of murder and sentenced to
punishment of twenty-five years' imprisonment. Tex. Penal Code Ann. § 19.02 (West 1994). 
In six points of error, Mosley appeals from the judgment of the trial court. We will affirm.



BACKGROUND


 On November 12, 1994, Jeanette Seldon, John Craft, and appellant spent the
afternoon at the Golden Nugget Motel in Del Valle where they smoked crack cocaine. At one
point, Craft left the motel returning shortly thereafter with Henry Marshall, who also smoked
some crack cocaine. It did not take long for Marshall to wear out his welcome. Everyone wanted
Marshall to leave, so appellant volunteered to use Craft's pickup truck to drop Marshall off
somewhere. 

 Once in the truck, appellant attempted to let Marshall off at a convenience store. 
Marshall, however, refused to get out of the truck. The two men then struggled over possession
of the truck. After chasing each other around the truck and breaking out the passenger window,
appellant cut Marshall on the hands and stabbed him in the chest with a knife. Still able to drive,
Marshall took off in the truck, but died within the hour. Appellant was charged with Marshall's
murder, and it remains undisputed that he killed Marshall. In defense of his actions, appellant
argued the doctrines of self-defense and defense of property. The jury found appellant guilty of
murder, sentencing him to twenty-five years' imprisonment.



 DISCUSSION


 In his first point of error, appellant contends that the trial court erred in refusing
to grant his motion for a directed verdict. In raising this first point of error, appellant does not
offer any legal argument or authority in support of his point. Instead, he simply copies passages
from the record. In an appellate brief, mere references to the record do not sufficiently identify
the court's actions of which appellant complains. Elam v. State, 841 S.W.2d 937, 940 (Tex.
App.--Austin 1992, no pet.). Because appellant does not cite any authority in support of his
claims, nothing has been presented for appellate review. State v. Gonzalez, 855 S.W.2d 692, 697
(Tex. Crim. App. 1993). We therefore will not address this point of error. See Garcia v. State,
887 S.W.2d 862, 871 (Tex. Crim. App. 1994), cert. denied, 115 S. Ct. 1368 (1995); Vuong v.
State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 595 (1992).

 Appellant's second point of error contends that the prosecutor committed
misconduct during closing argument of the guilt/innocence phase of the trial by characterizing
appellant as a "crack head" who was thus not entitled to certain statutory defenses. Appellant
properly objected to the prosecutor's statement that appellant "was so cracked up, coked up,
liquored up." Appellant asserts that the prosecutor's argument was improper for it implies that
because appellant was on drugs, he was not entitled to the statutory defenses of self-defense and
defense of property. However, appellant's counsel failed to obtain a ruling on his objection. 
Even so, the court provided the jury with an unsolicited instruction as follows: "I'm going to
instruct the jury once again that you ought to judge the credibility of the witnesses, and all the
evidence comes from the witness stand, and that's where you'll take the evidence and not from
argument of counsel. Just recall that as you hear argument."

 In order to preserve a point of error for review regarding alleged improper jury
argument, a defendant must pursue his objection until an adverse ruling is obtained. Tex. R. App.
P. 52; Flores v. State, 871 S.W.2d 714, 722 (Tex. Crim. App. 1993), cert. denied, 115 S. Ct.
313 (1994). "Before complaining about improper jury arguments, an accused has the duty to
press for a ruling of the court in order to properly preserve error." Gonzales v. State, 775
S.W.2d 776, 779 (Tex. App.--San Antonio 1989, no pet.). Appellant failed to obtain any ruling
on his objection. In addition, the trial court's unsolicited instruction cured any harm caused by
the prosecutor's comments. See Diaz v. State, 730 S.W.2d 853, 856 (Tex. App.--Austin 1987,
pet. ref'd). Because he failed to preserve his error concerning improper jury argument,
appellant's second point of error is overruled.

 In his third and fourth points of error, appellant contends that the evidence was
insufficient to prove appellant acted with the requisite culpable mental state required for murder. 
Specifically, appellant's third point asserts that the evidence was legally insufficient to support the
murder conviction because the element of intent is not present. The court's charge authorized
appellant's conviction on a showing that "A person commits the offense of murder if he: (1)
intentionally or knowingly causes the death of an individual; (2) intends to cause serious bodily
injury and commits an act clearly dangerous to human life that causes the death of an individual." 
See Tex. Penal Code Ann. § 19.02 (West 1994).

 The standard of review for a challenge to the legal sufficiency of the evidence is
whether, when viewed in the light most favorable to the verdict, any rational trier of fact could
find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). Intent to kill may be inferred from the use of a deadly
weapon in a deadly manner, unless the weapon is used in a manner in which it is reasonably
apparent that death or serious bodily injury could not result. Godsey v. State, 719 S.W.2d 578,
580 (Tex. Crim. App. 1986). "If a deadly weapon is used in a deadly manner, the inference is
almost conclusive that [the defendant] intended to kill . . . ." Adanandus v. State, 866 S.W.2d
210, 215 (Tex. Crim. App. 1993), cert. denied, 114 S. Ct. 1338 (1994).

 The evidence presented at trial was sufficient to establish that appellant intentionally
killed Marshall. Appellant stabbed Marshall in the chest two times during a struggle. Obviously,
stabbing someone in the chest twice will cause serious bodily injury. Thus, appellant's use of the
knife, which testimony classified as a deadly weapon, constituted the use of a deadly weapon in
a deadly manner. We hold that a rational trier of fact could have found beyond a reasonable doubt
that appellant acted intentionally in causing the death of Marshall. Appellant's third point of error
is overruled.

 In his fourth point of error, appellant alleges that the evidence was insufficient to
show that he knowingly committed the murder. Appellant contends that he did not know the
wounds inflicted by him would cause the Marshall's death. The relevant statute explains: "A
person acts knowingly, or with knowledge, with respect to the nature of his conduct or to
circumstances surrounding his conduct when he is aware of the nature of his conduct or that the
circumstances exist." Tex. Penal Code Ann. § 6.03(b) (West 1993). Appellant in his own
voluntary statement said "I knew that I had cut him pretty bad." We hold that any rational trier
of fact could have found that appellant knowingly committed murder. As a result, we overrule
point of error four.

 In his fifth point of error, appellant claims that the prosecutor committed
misconduct by making an argument that was incompatible with the jury charge. In a related sixth
point of error, appellant claims that the judge erred by not granting his request for a mistrial after
the prosecutor misstated the law as argued in point of error five. The alleged misstatement
occurred during closing arguments of the punishment phase and concerned appellant's eligibility
for probation. The prosecutor argued:



And furthermore, because if you will read right here in the verdict, "We further
find that the defendant has never been convicted of a felony in this State or in any
other state." You heard -- Mr. Ganne proved it up himself. He's convicted of not
one felony, but two. You can't give him probation because you won't be able to
answer . . . .



At this time, defense counsel objected, and the court sustained his objection. Following this
objection the jury was excused, and a bench conference was held. During the conference, the
prosecutor, explaining that she misunderstood the current situation, offered to retract her
statement. Defense counsel moved for a mistrial alleging that a misstatement of the law is
incurable and then requested an instruction from the court. The court agreed to let the prosecutor
withdraw her statement. In addition, the court denied the defendant's motion for a mistrial. 
Following the bench conference, in the presence of the jury, the prosecutor withdrew her
statement and the court instructed the jury to disregard her improper statement.

 The scope of proper jury argument is: (1) summation of the evidence; (2) any
reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; and
(4) pleas for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). 
An argument which contains a statement of the law contrary to the court's charge is error. Burke
v. State, 652 S.W.2d 788, 790 (Tex. Crim. App. 1983). The prosecutor's remark that the jury
could not consider probation as a possible punishment was contrary to the court's charge on
punishment and therefore considered to be error. However, the prosecutor corrected the
misstatement of the court's charge after the jury came back into the courtroom, and the court
issued an instruction to disregard the prosecutor's comments. The retraction and the court's
instruction were sufficient to cure any error that might have occurred and to overcome any harm
to appellant. Branson v. State, 825 S.W.2d 162, 166 (Tex. App.--Dallas 1992, no writ). Further,
it was not error to deny the motion for mistrial, because the court gave a proper instruction. See
id. Appellant's fifth and sixth points of error are overruled.



CONCLUSION


 The judgment of the trial court is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish



rt. denied, 114 S. Ct. 1338 (1994).

 The evidence presented at trial was sufficient to establish that appellant intentionally
killed Marshall. Appellant stabbed Marshall in the chest two times during a struggle. Obviously,
stabbing someone in the chest twice will cause serious bodily injury. Thus, appellant's use of the
knife, which testimony classified as a deadly weapon, constituted the use of a deadly weapon in
a deadly manner. We hold that a rational trier of fact could have found beyond a reasonable doubt
that appellant acted intentionally in causing the death of Marshall. Appellant's third point of error
is overruled.

 In his fourth point of error, appellant alleges that the evidence was insufficient to
show that he knowingly committed the murder. Appellant contends that he did not know the
wounds inflicted by him would cause the Marshall's death. The relevant statute explains: "A
person acts knowingly, or with knowledge, with respect to the nature of his conduct or to
circumstances surrounding his conduct when he is aware of the nature of his conduct or that the
circumstances exist." Tex. Penal Code Ann. § 6.03(b) (West 1993). Appellant in his own
voluntary statement said "I knew that I had cut him pretty bad." We hold that any rational trier
of fact could have found that appellant knowingly committed murder. As a result, we overrule
point of error four.

 In his fifth point of error, appellant claims that the prosecutor committed
misconduct by making an argument that was incompatible with the jury charge. In a related sixth
point of error, appellant claims that the judge erred by not granting his request for a mistrial after
the prosecutor misstated the law as argued in point of error five. The alleged misstatement
occurred during closing arguments of the punishment phase and concerned appellant's eligibility
for probation. The prosecutor argued:



And furthermore, bec